IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY JUSTON WIMER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No.: 2:15–CV–2
Criminal Action No.: 2:13–CR–27-01
(JUDGE BAILEY)

**REPORT AND RECOMMENDATION THAT § 2255 MOTION BE GRANTED
ONLY ON THE ISSUE THAT PETITIONER INSTRUCTED COUNSEL
TO FILE A NOTICE OF APPEAL**

**I. INTRODUCTION**

On January 2, 2015, the *pro se* Petitioner, an inmate at FCI McDowell in Welch, West Virginia, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. This Court entered an Order on January 7, 2015, directing the United States of America (Government) to respond to Petitioner's Motion. ECF No. 52. The Government filed its response on February 6, 2015. ECF Nos. 59 & 60. Petitioner did not file a reply. The Court then entered a Report and Recommendation on July 20, 2015 that Petitioner's § 2255 be denied all grounds except Petitioner's claim that he instructed counsel to file an appeal. The Court set an evidentiary hearing solely on that issue. The evidentiary hearing was held November 19, 2015. Testimony was taken from Petitioner, Timothy Juston Wimer, his mother, Sherry Davy, and his former counsel, Brian J. Kornbrath.

**II. FINDINGS OF FACT**

Petitioner signed a plea agreement on September 11, 2013. He entered his plea on September 19, 2013. On December 18, 2013, Petitioner appeared before United States District

Judge John P. Bailey for sentencing. He was sentenced to a term of 188 months imprisonment, the highest end of the applicable career offender guidelines.

At the evidentiary hearing, Petitioner testified that he asked his attorney, Mr. Kornbrath, to file an appeal immediately after his sentencing hearing, while they were preparing to leave the courtroom. His mother also testified that she heard the conversation between Petitioner and his lawyer. Specifically, Ms. Davy testified that Petitioner, her son, was aggravated about getting such a long prison sentence. Ms. Davy testified further that Petitioner's lawyer was gathering his things and telling Petitioner he would see him at the jail the following day, but it was time to go. She testified that after the sentencing hearing, right after the two men stood, Petitioner told his lawyer he wanted to file an appeal. However, Ms. Davy also testified that she could not recall exactly how far away she was, what Petitioner's lawyer looked like or who he was, and on cross examination she testified that the only time she ever saw Petitioner's lawyer was at his sentencing hearing and she would not remember the lawyer the next day.

Petitioner's former lawyer, Brian J. Kornbrath, also testified. Mr. Kornbrath testified that he does not recall a conversation after Petitioner's sentencing hearing. He also testified that he has a practice of filing a notice of appeal if a client asks him. Mr. Kornbrath also testified regarding a letter [ECF No. 71-1] he sent to Petitioner. The letter informed Petitioner of Mr. Kornbrath's belief that filing an appeal was futile because he was virtually guaranteed to be unsuccessful. Mr. Kornbrath testified that upon sending the letter, which is his custom in cases where he believes an appeal will not succeed, the ball was in Petitioner's court because the letter directs his clients to tell him if they want an appeal, otherwise he will assume that they do not. Petitioner testified that he received Mr. Kornbrath's letter, but at that time he was locked up in solitary and had no money. Thus, he was unable to respond to Mr. Kornbrath's letter within the

appropriate amount of time. The letter was sent on December 23, 2013, but Petitioner did not file his §2255 until January 2, 2015. Petitioner also offered no testimony or evidence that he attempted to contact Mr. Kornbrath at any point after receiving his letter.

Because Mr. Kornbrath could not refute the testimony offered by Petitioner and his mother, the Court finds that Petitioner has shown by a preponderance of the evidence that he directed his attorney to file an appeal, but no such appeal was filed.

### III. CONCLUSIONS OF LAW

When a criminal defendant instructs counsel to file an appeal and the appeal is not filed, it is ineffective assistance of counsel *per se*–irrespective of the merits of the appeal. *Evitts v. Lucey*, 469 U.S. 387, 391–405 (1985). The remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

### IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Mr. Wimer's original judgment be **VACATED** and a new judgment **ENTERED** because the record demonstrates that Mr. Wimer likely instructed Mr. Kornbrath to file an appeal on his behalf, which Mr. Kornbrath failed to do.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 6, 2016

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE